**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

NAPOLEON JONES,

Plaintiff,

Case No.:

v.

BRANDON SHAYHORN, BRETT KROMREY,
WAUKESHA COUNTY, VILLAGE OF LISBON,
JOHN DOES 1-5, ABC INSURANCE COMPANY,
and DEF INSURANCE COMPANY,

Defendants.

---

**COMPLAINT**

---

**NOW COMES** Plaintiff, Napoleon Jones, by and through his attorneys, Cade Law Group LLC, and files this complaint against the Defendants, alleges and shows to the Court as follows:

## INTRODUCTION

1. This is a civil rights action arising from an unlawful stop, detention, and arrest of Plaintiff, Napoleon Jones, by Defendant Brandon Shayhorn and Defendant Brett Kromrey who were employed as deputies with the Waukesha County Sheriff's Department.

2. After Plaintiff lawfully recorded a traffic stop involving an unrelated party, Shayhorn retaliated by following Plaintiff into a private parking lot, fabricating a basis for a traffic stop, and escalating the encounter without justification.

3. Shayhorn and Kromrey forcibly removed Plaintiff from his car, handcuffed and transported him to jail without probable cause, without advising him of his rights, and without allowing him to make a phone call.

4. As a result of Shayhorn and Kromrey's conduct, Plaintiff's constitutional right of freedom from unreasonable searches and seizures was violated and he seeks to redress under 42 U.S.C. § 1983 and applicable state law for the violation of his rights secured by the Fourth and Fourteenth Amendments to the United States Constitution.

5. All of the Defendants are sued in their individual and official capacities. At all relevant and material times, these Defendants were acting under the color of state law; pursuant to their authority as officials, agents, contractors, or employees of Waukesha County; within the scope of their employment as representatives of public entities, as defined in 42 U.S.C. § 12131(1); and were objectively unreasonable to the constitutional, civil, and statutory rights of Plaintiff.

## PARTIES

6. Plaintiff Napoleon Jones ("Plaintiff" or "Jones") is an adult residing in the Eastern District of Wisconsin.

7. At all times material hereto, Plaintiff was entitled to Constitutional Rights, pursuant to the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and to not be subjected to illegal searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution.

8. Defendant Brandon Shayhorn (" Shayhorn") is employed by the Waukesha County Sheriff's Department as a Deputy for the County of Waukesha, Wisconsin. At all times relevant to this complaint, Shayhorn was acting under color of law and within the scope of his employment as a Deputy for the Waukesha County Sheriff's Department.

9. Defendant Brett Kromrey (" Kromrey") is employed by the Waukesha County Sheriff's Department as a Deputy for the County of Waukesha, Wisconsin. At all times

relevant to this complaint, Kromrey was acting under color of law and within the scope of his employment as a Deputy for the Waukesha County Sheriff's Department.

10. Defendant Waukesha County, with its executive offices located at 515 West Moreland Boulevard, Waukesha, WI 53188, is and was at all material times hereto, a Municipal Corporation organized under the laws of the State of Wisconsin. Waukesha County established, operated, and maintained the Waukesha County Sheriff's Office ("WCSO") at all times material hereto. Waukesha County contracts with the Village of Lisbon for WCSO to provide law enforcement services to the Village of Lisbon. Waukesha County is ultimately responsible for the training, supervising, and discipline of WCSO employees and the creation and implementation of its policies and procedures.

11. Defendant Village of Lisbon is and was at all material times hereto, a Municipal Corporation organized under the laws of the State of Wisconsin, located in Waukesha County, Wisconsin. The Village of Lisbon contracts with Waukesha County for WCSO to provide law enforcement services for the Village of Lisbon.

12. Defendant John Does 1-5 are, upon information and belief, adult citizens of the State of Wisconsin and employees of Waukesha County. These individuals may have used the FLOCK system to track Plaintiff, as identified more fully below. Their identities are presently unknown; the Complaint will be amended to identify those who had knowledge of the facts relevant to this lawsuit and failed to act properly.

13. Defendant ABC Insurance Company ("ABC"), upon information and belief, is a domestic insurance company duly conducting business in the State of Wisconsin and is engaged in the business, among other things, of issuing policies of insurance within the State of Wisconsin. Upon information and belief, proper to and including all relevant times herein, ABC issued a policy of liability insurance to Waukesha County and all its employees

and/or agents thereof. By the terms of said policy, ABC agreed to pay any and all sums for which Waukesha County and/or its agents and employees might be held legally liable for injuries or damages caused by Waukesha County and/or its employees and agents. Upon information and belief, said ABC insurance policy was in full force and effect during all times period relevant herein. Pursuant to Wis. Stat. § 803.04, ABC Insurance Company is a proper party to this action.

14. Defendant DEF Insurance Company ("DEF"), upon information and belief, is a domestic insurance company duly conducting business in the State of Wisconsin and is engaged in the business, among other things, of issuing policies of insurance within the State of Wisconsin. Upon information and belief, proper to and including all relevant times herein, DEF issued a policy of liability insurance to Lisbon and all its employees and/or agents thereof. By the terms of said policy, DEF agreed to pay any and all sums for which Lisbon and/or its agents and employees might be held legally liable for injuries or damages caused by Lisbon and/or its employees and agents. Upon information and belief, said DEF insurance policy was in full force and effect during all times period relevant herein. Pursuant to Wis. Stat. § 803.04, DEF Insurance Company is a proper party to this action.

15. On May 20, 2025, Plaintiff provided his Notice of Injury pursuant to Wis. Stat. § 893.80 to Waukesha County and the Village of Lisbon. Attached hereto as **Exhibit A** is a true and correct copy of his Notice of Injury.

16. On July 25, 2025, Plaintiff provided his Notice of Claim, pursuant to Wis. Stat. § 893.80 to Waukesha County and the Village of Lisbon. Attached hereto as **Exhibit B** is a true and correct copy of his Notice of Claim.

17. On October 13, 2025, the Village of Lisbon denied Plaintiff's Notice of Claim.

18. On November 12, 2025, Waukesha County denied Plaintiff's Notice of Claim.

## JURISDICTION AND VENUE

19. The Eastern District of Wisconsin has jurisdiction under 28 U.S.C. § 1331 and § 1343(a)(1), (3), and (4), as this complaint alleges violations of 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

20. Venue in the Eastern District of Wisconsin is proper under 28 U.S.C. § 1391(b)(2), as the events giving rise to this complaint occurred in the Eastern District of Wisconsin.

## STATEMENT OF FACTS

21. On May 4, 2025, Plaintiff exercised his First Amendment right and recorded Shayhorn conducting a traffic stop on public property in Sussex, WI. At no time did Plaintiff interfere or obstruct the traffic stop; Plaintiff remained at a lawful distance and merely recorded the encounter.




*Traffic stop recorded by Plaintiff*

22. Shayhorn is recorded on video giving Plaintiff a nasty look, a/k/a "mean mugging," when Shayhorn looks up from his traffic stop.




*Shayhorn "mean mugging" Plaintiff*

23. After the traffic stop concluded, Shayhorn drove his squad into the private parking lot where Plaintiff and his vehicle were located.

24. In a subsequent memorandum prepared by senior WCSO staff, Shayhorn admitted he pulled into this parking lot specifically so he could wait for Plaintiff to leave and conduct a traffic stop of his vehicle because he purportedly had flagged Plaintiff as "suspicious" and his vehicle as missing its front license plate.



*Shayhorn entering the parking lot where Plaintiff was located*



*Shayhorn entering parking lot; Plaintiff walking to car*

25. With Shayhorn in the parking lot, Plaintiff entered his vehicle, started the engine, and drove toward the parking lot exit. As Plaintiff did so, Shayhorn pulled behind Plaintiff's vehicle and engaged his emergency lights.



*Plaintiff driving toward exit*

26. Plaintiff stopped and pulled over, while still in the parking lot, to see what Shayhorn wanted. Shayhorn activated his emergency lights and conducted a traffic stop of Plaintiff's vehicle while it was still in the parking lot.



*Shayhorn pulling behind Plaintiff with his lights activated*

27. Shayhorn claims he stopped Plaintiff because his license plates were obscured; however, Plaintiff's vehicle was brand new. Plaintiff did not have a front or rear license plate but did have a temporary plate taped to his rear window that was properly affixed and clearly visible.




*Plaintiff's vehicle and the license plate assigned to it in its rear window*

28. Shayhorn demanded identification from Plaintiff. Plaintiff remained calm and respectful, asked for a supervisor, and stated he would provide identification once a supervisor arrived.




*Shayhorn demanding ID; Plaintiff respectfully asking for a supervisor*

29. Shayhorn denied he needed to call a supervisor, and continued to demand a driver's license from Plaintiff, while Plaintiff repeatedly requested a supervisor.

30. Without consent or probable cause, Shayhorn, with assistance from Kromrey, opened Plaintiff's driver door, forcefully pulled Plaintiff from his vehicle, and handcuffed him.




*Shayhorn pulling Plaintiff out of his vehicle*




*Kromrey assisting Shayhorn in removing Plaintiff from his vehicle*

31. Plaintiff was subsequently subjected to an unlawful search of his person. Deputies Shayhorn and Kromrey located Plaintiff's wallet and driver's license, which they used to identify him.

32. Deputies Shayhorn and Kromrey arrested Plaintiff for resisting and obstructing based solely on his refusal to provide identification during an unlawful and retaliatory stop.

33. Plaintiff was never informed of his rights under Miranda or permitted to make a phone call.

34. While handcuffed and detained, Plaintiff notified "Siri" (on his iPhone) to call his mother, Julie Jones. Ms. Jones arrived on scene shortly after and was told by Shayhorn that Plaintiff was "not under arrest".

35. Despite this statement, Plaintiff remained handcuffed and was placed in a squad car and transported to the Waukesha County Jail for processing as if under arrest.

36. In a post-arrest memorandum, dated May 6, 2025, Lieutenant Krause of WCSO, a supervisor to Shayhorn and Kromrey, specifically noted that he informed

Shayhorn that there was no legal basis for Shayhorn to compel Plaintiff to identify himself and that Shayhorn had not conducted a legal traffic stop:

> *"Lt. Haferman began to review Shayhorn's report and then asked me questions regarding it. Lt. Haferman advised that the traffic stop took place in a parking lot for a vehicle registration violation. Lt. Haferman and I called Shayhorn to inquire about the details regarding the stop and arrest. Shayhorn advised he was on a different traffic stop when he observed a male filming him from a parking lot. Shayhorn advised the parking lot was to a strip mall of businesses but was open to the public. Shayhorn observed the vehicle had no front plate and a temporary plate that was illegible. Shayhorn stated he got behind the suspect vehicle, which then stopped prior to exiting from the parking lot, at which point he activated his emergency lights. Shayhorn was asked if the suspect interfered with his previous traffic stop which he stated the suspect did not. Shayhorn stated that he thought he could enforce the traffic laws in a parking lot since it was public. I advised him that the parking lot was not public property, that it was privately owned but open for public use as its for business and not gated or secured. With that, Shayhorn was reminded that according to Wisconsin statute, that there are only a few traffic laws that can be enforced in a situation like that: Operating While Impaired, Reckless Driving, parking on a fire hose/fire lane violation, and handicap parking violations. Shayhorn confirmed that none of those violations were observed.* ***Shayhorn was advised that he did not have a lawful traffic stop thus the suspect could not be compelled to produce his identification and it was not a consensual encounter since he activated his emergency lights****."*

(emphasis added).

37. Attached hereto as **Exhibit C** is the true and correct copy of the memorandum dated May 6, 2025.

38. In a separate memorandum, dated May 10, 2025, Lieutenant Farrell of WCSO noted that he had decided on May 4, 2025 that "based upon the totality of the circumstances, discretion would be utilized and charges for obstructing/resisting would not be forwarded, and [Plaintiff] would be released from custody."

39. Attached hereto as **Exhibit D** is the true and correct copy of the memorandum dated May 10, 2025.

40. In addition to the above, materials provided by the Waukesha County Sheriff's Office pursuant to an open records request included a photograph of Plaintiff's vehicle dated

May 30, 2025 using a Flock Automatic License Plate Reader, [1] clearly indicating Plaintiff was being tracked in retaliation for exercising his First Amendment right of recording a traffic stop.

41. Plaintiff is a Navy veteran who suffers from diagnosed PTSD. He has had to seek psychiatric support and intervention because his PTSD was triggered by the encounter with Deputies Shayhorn and Kromrey.

## CLAIMS

## COUNT I – UNREASONABLE SEARCH AND SEIZURE (AGAINST SHAYHORN AND KROMREY)

42. Plaintiff repeats and realleges the allegations contained in the proceeding paragraphs as if fully stated herein.

43. The Fourth Amendment to the United States Constitution, made applicable to the States through the Fourteenth Amendment, protects individuals from unreasonable searches and seizures.

44. Shayhorn, acting under color of state law and in his capacity as a for the Waukesha County Sheriff's Department, acted contrary to 42 U.S.C. § 1983 and the Fourth Amendment by unlawfully frisking and searching Plaintiff's person.

45. Shayhorn, acting under color of state law and in his capacity as a for the Waukesha County Sheriff's Department, acted contrary to 42 U.S.C. § 1983 and the Fourth Amendment by unlawfully searching Plaintiff's car.

46. Kromrey, acting under color of state law and in his capacity as a for the Waukesha County Sheriff's Department, acted contrary to 42 U.S.C. § 1983 and the Fourth Amendment by unlawfully failing to intervene and prevent Officer Shayhorn's unlawful frisking and searching of Plaintiff's person.

---

[1] https://www.aclu.org/news/privacy-technology/flock-roundup

47. Kromrey, acting under color of state law and in his capacity as a for the Waukesha County Sheriff's Department, acted contrary to 42 U.S.C. § 1983 and the Fourth Amendment by unlawfully failing to intervene and prevent Officer Shayhorn's unlawful search of Plaintiff's car.

48. Shayhorn unlawfully extended an already illegal traffic stop to an unlawful arrest lacking probable cause contrary to 42 U.S.C. § 1983 and the Fourth Amendment.

49. Shayhorn and Kromrey's conduct directly caused Plaintiff to be wrongfully stopped, detained, and arrested.

50. Shayhorn deprived Plaintiff of equal protection of the law contrary to 42 U.S.C. § 1983 and Equal Protection Clause of the Fourteenth Amendment.

51. As a direct result of Shayhorn and Kromrey's actions, Plaintiff suffered damages including loss of liberty, emotional distress, reputational harm, physical discomfort and emotional distress.

**COUNT II - 42 U.S.C. § 1983 - First Amendment Violation**
**– Freedom of Speech, Association and Peaceful Assembly**

52. Plaintiff repeats and realleges the allegations contained in the proceeding paragraphs as if fully stated herein.

53. Plaintiff's decision to videotape and photograph Shayhorn's traffic stop is an act of expression protected by the First Amendment to the United States Constitution.

54. At all times relevant to the allegations in this Complaint, Shayhorn acted under color of state law, within the course and scope of his employment, and in his capacity as a WCSO deputy.

55. Shayhorn is a "person" under 42 U.S.C. § 1983.

56. The First Amendment's robust free-speech protections apply equally to both

members of traditional media and other members of the public, including independent journalists and citizens.

57. Shayhorn did not have any compelling governmental reason—or any legitimate governmental reason at all—for seizing and arresting Plaintiff.

58. Shayhorn's conduct was unconstitutional.

59. The actions of Shayhorn are expected to chill a reasonable person from engaging in an activity protected by the First Amendment, such as filming police interactions with citizens.

60. Plaintiff's manner of expression, filming a traffic stop, is on a matter of public concern and did not violate any laws.

61. Plaintiff's expressions occurred at a traditional public forum.

62. Shayhorn's actions were a content-based and/or viewpoint-based restriction of Plaintiff's expressions.

63. At the time when Shayhorn seized Plaintiff, he had a clearly established constitutional right under the First Amendment to the United States Constitution to gather, express himself, and speak freely. Any reasonable law enforcement officer knew or should have known of this clearly established right.

64. Shayhorn engaged in their conduct intentionally, knowingly, willfully, wantonly, maliciously, and in reckless disregard of Plaintiff's constitutional rights.

65. Shayhorn's herein described acts or omissions were the moving force and the legal, direct, and proximate cause of Plaintiff's injuries, damages, and losses.

66. Shayhorn's intentional actions or inactions as described herein intentionally deprived Plaintiff of due process and of rights, privileges, liberties, and immunities

secured by the Constitution of the United States of America.

67. For these violations of his First Amendment rights, Plaintiff is seeking, where available, damages, declaratory relief, and injunctive relief against Defendant Shayhorn.

**COUNT III – NEGLIGENT HIRING, TRAINING, AND SUPERVISION (STATE LAW CLAIMS AGAINST WAUKESHA COUNTY and VILLAGE OF LISBON)**

68. Plaintiff repeats and realleges the allegations contained in the proceeding paragraphs as if fully stated herein.

69. At all material times hereto, Defendant Waukesha County, through its Sheriff's Office, owed a duty to the public, including Plaintiff, to exercise reasonable care in the hiring, training, supervision, and retention of its law enforcement officers, including Shayhorn and Kromrey.

70. At all material times hereto, Defendant Village of Lisbon owed a duty to the public, including Plaintiff, to exercise reasonable care in the hiring, training, supervision, and retention of its law enforcement officers, including Shayhorn and Kromrey, through its contract with Waukesha County.

71. Waukesha County and Village of Lisbon knew, or in the exercise of reasonable care, should have known that its failure to adequately train, hire, supervise, and discipline officers created foreseeable risk that constitutional rights, including those of Plaintiff, would be violated.

72. Waukesha County and Village of Lisbon breached its duty by negligently hiring, training, and supervising its deputies, including Shayhorn and Kromrey.

73. Specifically, Waukesha County failed to properly train deputies regarding the lawful basis for traffic stops, detentions, arrests, and searches, train deputies

regarding the public's constitutional right to record law enforcement officers in the performance of their duties, train deputies regarding the proper procedures for use of force, train deputies regarding advising individuals of their rights, and adequately supervise, discipline, and retrain deputies who engage in unlawful, retaliatory, or abusive conduct.

74. Waukesha County and Village of Lisbon's negligent hiring, training, supervision, and retention of Shayhorn and Kromrey was a direct and proximate cause of the unlawful stop, detention, and arrest of Plaintiff.

75. As a direct and proximate result of Waukesha County and Village of Lisbon's negligence, Plaintiff was subjected to an unlawful stop, unlawful detention, retaliatory arrest, and suffered damages including loss of liberty, emotional distress, and other injuries to be proven at trial.

**COUNT IV – 42 U.S.C. § 1983 - FIRST AMENDMENT RETALIATION**
**(Waukesha County and John Does 1-5)**

76. Plaintiff repeats and realleges the allegations contained in the proceeding paragraphs as if fully stated herein.

77. Waukesha County is using an Automatic License Plate Reader ("ALPTR") from a company known as Flock to track certain license plates in Waukesha County.

78. The Flock ALPR is designed to continuously read and record license plates, purportedly for law enforcement to track vehicles operated individuals who have committed a crime. The system also allows law enforcement to input a license plate number and have the system alert when it spots or reads a license plate of an operated vehicle to have the exact or similar license plate.

79. The only purpose to pull up and search for a license plate is because of a belief that an individual has committed a crime. The FLOCK system is not designed (yet) to deal with real time crimes or tracking.

80. Thus, the only reason for Plaintiff's vehicle to have been tracked and identified, and such information contained in the Waukesha County records is because someone employed by Waukesha County, John Does 1-5, has conducted a search to find and locate Plaintiff's license plate.

81. At all times relevant to the allegations in this Complaint, Defendants acted under color of state law, within the course and scope of their employment, and in their capacities as employees of Waukesha County.

82. Defendants are "persons" under 42 U.S.C. § 1983.

83. Defendants' actions in tracking Plaintiff constitutes unlawful retaliation for the exercise of his First Amendment rights.

84. Defendants exhibited an animus against Plaintiff's exercise of his First Amendment Rights and utilized the force of the State against Plaintiff in retaliation.

85. The actions of Defendants – specifically, tracking a person's movements – can be expected to chill a reasonable person and a person of ordinary firmness from engaging in activity protected by the First Amendment.

86. Plaintiff's expression was on a matter of public concern and did not violate any law.

87. Plaintiff's expression occurred in public.

88. Defendants jointly and on their own accord responded to Plaintiff's First Amendment protected activity with retaliation, by tracking his physical movements.

89. By unlawfully using "force" against Plaintiff, by arresting and seizing him, among other things, Defendants sought to punish Plaintiff for exercising his First Amendment rights, to silence Plaintiff, and to deter Plaintiff from gathering and reporting in the future.

90. Defendants' retaliatory actions would chill a person of ordinary firmness from engaging in such First Amendment protected activity.

91. Defendants' retaliatory actions were substantially motivated by Plaintiff's exercise of his First Amendment rights.

92. Defendants engaged in their conduct intentionally, knowingly, willfully, wantonly, maliciously, and in reckless disregard of Plaintiff's constitutional rights.

93. Defendants herein described acts or omissions were the moving force and the legal, direct, and proximate cause of Plaintiff's injuries, damages, and losses.

94. Defendants' intentional actions or inactions as described herein intentionally deprived Plaintiff of due process and of rights, privileges, liberties, and immunities secured by the Constitution of the United States of America.

**COUNT V – ASSAULT**
**(Against Shayhorn)**

95. Plaintiff repeats and realleges the allegations contained in the proceeding paragraphs as if fully stated herein.

96. In pulling Plaintiff out of his vehicle without legal cause to do so, Shayhorn did commit an act of assault against Plaintiff.

97. As a result of the assault, Plaintiff was harmed in an amount to be determined at trial by a jury.

## COUNT VI – BATTERY
## (Against Shayhorn)

98. Plaintiff repeats and realleges the allegations contained in the proceeding paragraphs as if fully stated herein

99. Battery is defined in Wisconsin as the intentional causation of bodily harm to the person of another without that person's consent.

100. Wisconsin permits civil claims for battery. *See* Wis. Stat. § 893.57.

101. Battery is considered an intentional tort.

102. Plaintiff did not consent to being pulled from his vehicle and handcuffed.

103. In arresting Plaintiff without a legal right to do so, Shayhorn did commit an act of battery on Plaintiff.

104. As a result of the battery, Plaintiff was harmed in an amount to be determined at trial by a jury.

## COUNT VII – FAILURE TO INTERVENE
## (Against Kromrey)

105. Plaintiff repeats and realleges the allegations contained in the proceeding paragraphs as if fully stated herein

106. Kromrey, during the constitutional violations, stood by without intervening to prevent the violation of Plaintiff's constitutional rights, even though he had the duty and the opportunity to do so.

107. Kromrey could have instructed Shayhorn to let Plaintiff go free or instructed Shayhorn that he did not have a legal right to remove Plaintiff from his vehicle, but failed to do so.

108. The misconduct described was objectively unreasonable and was undertaken intentionally, with malice, with reckless indifference to the rights of others, and/or in total disregard of the truth and of Plaintiff's innocence.

109. As a result of Kromrey's failure to intervene to prevent the violations of Plaintiff's constitutional rights, Plaintiff suffered loss of liberty, great mental anguish, humiliation, degradation, physical and emotional pain and suffering, forced and involuntary prison labor, and other grievous and continuing injuries and damages to be determined at trial.

**COUNT VIII – DIRECT ACTION STATUTE**
**(Against ABC Insurance and DEF Insurance pursuant to Wis. Stat. § 632.24)**

110. Plaintiff repeats and realleges the allegations contained in the proceeding paragraphs as if fully stated herein

111. ABC and DEF are liable to Plaintiff for damages suffered as a result of Defendants' actions and inactions, as alleged in this Complaint, up to the amount of the applicable insurance policies that Defendants has/had with ABC and/or DEF.

112. At all material times and upon information and belief, all non-insurance defendants had in full force and effect one or more policies of insurance that provided coverage to each of them, insuring them against liability for their negligence and the negligence of their agents and employees, and agreeing to pay any and all amounts that Defendants and their agents and employees may become legally obliged to pay for the aforementioned damages.

113. Pursuant to Wis. Stat. §803.04, Defendants ABC and DEF are proper parties to this action. Pursuant to Wisconsin's Direct-Action Statute, Wis. Stat. § 632.24, Plaintiff is allowed to maintain this lawsuit directly against Defendants ABC and DEF.

## RELIEF REQUESTED

Plaintiff respectfully requests that this court enter judgment for him against each defendant and award the following relief:

a. An order awarding damages for physical discomfort;

b. An order awarding damages for emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life in an amount to be determined by a jury;

c. An order awarding punitive damages in an amount to be determined by a jury;

d. An order awarding taxable costs and disbursements;

e. An order awarding attorney fees and expert fees; and

f. An order awarding such other and further relief as deemed necessary and appropriate by the court.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all facts and damages herein.

Dated this December 1, 2025.

**CADE LAW GROUP, LLC**
Attorneys for Plaintiff

By: *Electronically signed by Nathaniel Cade, Jr.*
Nathaniel Cade, Jr. SBN 1028115
Annalisa Pusick SBN: 1116379
PO Box 170887
Milwaukee, WI 53217
P: (414) 255-3802
F: (414) 255-3804
E: nate@cade-law.com
annalisa@cade-law.com